```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
SAMSUNG ELECTRONICS CO., LTD., et al.,                       :
                                         Plaintiffs,         :
                                                             :   21 Civ. 5205 (LGS)
                      -against-                              :   21 Civ. 7201 (LGS)
                                                             :
SOLAS OLED LTD., et al.,                                     :   OPINION AND ORDER
                                         Defendants.         :
------------------------------------------------------------ :
                                                             :
SAMSUNG DISPLAY CO., LTD.,                                   :
                                         Plaintiffs,         :
                                                             :
                      -against-                              :
                                                             :
SOLAS OLED LTD., et al.,                                     :
                                         Defendants.         :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Samsung Electronics Co., Ltd ("SE"), Samsung Electronics America, Inc. ("SEA") and Samsung Display Co., Ltd. ("SD") (collectively "Samsung") bring these actions primarily seeking declarations that Samsung has not infringed certain patents and asserting that Defendants have breached their contract with Plaintiffs. Defendants are Solas OLED Ltd. ("Solas") and Neodron Ltd. ("Neodron"). Defendants filed motions to apply the first-to-file rule and dismiss or transfer these actions to the Eastern District of Texas, and to dismiss under Rule 12(b)(6). For the reasons below, the motions to apply the first-to-file rule are granted in part; the motions to dismiss under Rule 12(b)(6) are denied without prejudice; and the above-captioned cases are stayed pending further proceedings in the Eastern District of Texas.

I.  **BACKGROUND**

Solas filed three patent infringement actions in the Eastern District of Texas (the "Texas Actions"), alleging that Plaintiffs in the above-captioned actions (the "New York Actions") infringed on six Solas patents. Samsung later commenced the New York Actions against Solas and its co-Defendant Neodron, seeking declaratory judgments that Samsung has not infringed the same six patents and that it has a license to practice the six patents. Samsung also asserts a claim for breach of a contract by which Solas and Neodron allegedly granted Samsung license to practice the six patents. Although Samsung's counterparty under the patent license agreement is only Neodron, Samsung alleges that Solas is also bound by the agreement, thus defeating Solas's infringement claims against Samsung. Neodron is not a party to the Texas Actions.

A. **Neodron Assigns Solas the '144 Patent in 2019**

Defendants Solas and Neodron are businesses, each with a wide-ranging patent portfolio managed by the same third-party intellectual property management company. Solas and Neodron represent that they are separate corporate entities with no ownership interest in each other. In September 2019, Neodron assigned two of its U.S. patents to Solas, including U.S. Patent No. 9,292,144 (the "'144 Patent").

B. **The 2020 Neodron - Samsung Patent License Agreement**

The contract at issue in these actions is a Patent License Agreement (the "PLA") between Neodron as licensor and Plaintiff SE, effective as of December 2, 2020. The PLA was intended to settle all existing patent infringement claims by Neodron and its affiliates against SE and its affiliates. The PLA released "all Claims that exist or may have existed prior to the Effective Date, known or unknown, that each Party or its Affiliates may have against the other Party, its

Affiliates, Covered Third Parties or any other Entity granted a sublicense under the Patents in accordance with Section 1.2."

The PLA licensed to Samsung all patents listed on Exhibit A and any patent owned by Neodron and its affiliates that was not listed on Exhibit A. Exhibit A contains 169 patent families, including the '144 Patent which Neodron had previously assigned to Solas in 2019. Neodron claims that the assignment of the '144 Patent to Samsung through Exhibit A was a clerical error and that Exhibit A erroneously includes other patents as well, including another patent that Neodron had transferred to Solas, and a patent that Neodron never owned.

Samsung and Neodron also executed, along with the PLA, a separate Escrow Agreement (the "Escrow Agreement") with Citibank, N.A. as escrow agent and a fourth company to ensure the timing and collection of payments. Unlike the PLA, the Escrow Agreement contains a forum selection clause providing that the parties "irrevocably submit[] to the exclusive jurisdiction" of New York "for purposes of all legal proceedings arising out of or relating to this Escrow Agreement." The Escrow Agreement also contains a termination clause providing that "[t]his Escrow Agreement shall terminate and be of no further force and effect" once disbursements are made except for certain specified provisions, which do not include the choice of forum provision. The PLA does not incorporate by reference the Escrow Agreement or any of its provisions.

C. The First-Filed Texas Infringement Actions by Solas Against Samsung

On September 14, 2020, Solas filed a lawsuit in the Eastern District of Texas and another with the International Trade Commission (the "ITC Action"), both alleging that Samsung had infringed Solas's U.S. Patent Nos. 7,573,068 (the "'068 Patent") and 7,868,880 (the "'880 Patent"). The Eastern District of Texas case is temporarily stayed pending the ITC Action.

On March 22, 2021, Solas filed two other infringement actions against Samsung in the Eastern District of Texas, asserting other patents, four of which are at issue here -- U.S. Patent Nos. 7,499,042 (the "'042 Patent"), 7,663,615 (the "'615 Patent"), 8,526,767 (the "'767 Patent") and the '144 Patent. Solas later dropped the infringement claim for '144 Patent, which is listed on Exhibit A of the PLA as one of the patents licensed by Neodron to Samsung. These three lawsuits in the Eastern District of Texas are the first-filed Texas Actions referenced above. Neodron is not a party to the Texas Actions.

### D. The Later-Filed New York Actions by Samsung Against Solas and Neodron

On June 11, 2021, and August 26, 2021, Plaintiffs commenced these New York Actions against Solas and Neodron. SE and SEA seek declaratory judgments of license to practice six patents to which Solas has asserted rights in the Texas Actions -- the '144, '068, '880, '042, '615 and '767 Patents (the "Patents-in-Suit"). SE and SEA also allege that Neodron breached its contract and that Samsung has license to patents owned by Solas, pursuant to the PLA between SE and Neodron. SD's Complaint is substantially the same, except concerns only four of the Patents-in-Suit. Defendants subsequently filed the instant motions to dismiss or transfer under the first-to-file rule and to dismiss under Rule 12(b)(6).

## II.   LEGAL STANDARDS

In a patent case, a federal district court applies Federal Circuit law in applying the first-to-file rule. *See Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) ("Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by this circuit's law."). The first-to-file rule is a principle of federal comity that "permits a district court to decline [to exercise] jurisdiction when a complaint involving substantially similar parties and issues has been filed in

another district court." *Id.* at 707. "This 'first-to-file' rule exists to 'avoid conflicting decisions and promote judicial efficiency.'" *Id.* at 708 (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)).

"When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Id.* at 708. There are exceptions to the first-to-file rule, but "[t]he general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Exceptions to this general rule may be based on "the convenience and availability of witnesses, [the] absence of jurisdiction over all necessary or desirable parties, . . . the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Futurewei*, 737 F.3d at 708 (alterations in original) (quoting *Genentech*, 998 F.2d at 938). The burden to establish an exception to the first-to-file rule is on the party seeking the exception. *In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1311 (Fed. Cir. 2020).

A dispute over the effect of a forum selection clause is not an exception to the first-to-file rule. In *Futurewei*, the Federal Circuit affirmed the District Court's holding that the first-filed forum was the proper court to adjudicate any impact of a forum selection clause, even though that clause might justify transfer back to the second-filed court. 737 F.3d at 709. ("The interest in the just and effective disposition of disputes likewise does not warrant an exception to the first-to-file rule. The Texas court [i.e., the first-filed court] can decide the issues presented by. . .

5

the forum selection provision."); *accord Comcast Corp. v. Rovi Corp.*, No. 16 Civ. 3852, 2016 WL 4991625, at *3 (S.D.N.Y. Sept. 16, 2016).

"When one of two competing suits in a first-to-file analysis is a declaratory judgment action, district courts enjoy a 'double dose' of discretion: discretion to decline to exercise jurisdiction over a declaratory judgment action *and* discretion when considering and applying the first-to-file rule and its equitable exceptions." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020) (emphasis in the original). A district court has broad discretion to refuse to hear a declaratory judgment action provided it "acts in accordance with . . . principles of sound judicial administration" and "the purposes of the Declaratory Judgment Act[, which] in patent cases is to provide the allegedly infringing party relief from uncertainty and delay." *Id.* at 1361-62 (internal quotation marks and citation omitted).

### III.   DISCUSSION

There is sufficient overlap between the New York Actions and the Texas Actions that the first-to-file rule applies, requiring that the later-filed New York Actions be stayed, transferred or dismissed, to enable the Eastern District of Texas to adjudicate the parties' infringement claims and defenses, subject to any determination that the forum selection clause in the Escrow Agreement warrants retransfer to this forum. *See Futurewei*, 737 F.3d at 708. As explained below, this case is appropriately stayed pending proceedings in the Texas Actions. Defendants' motion to dismiss for failure to state a claim is denied without prejudice.

The claims and issues in the New York Actions and the Texas Actions sufficiently overlap to warrant applying the first-to-file rule. Of the eight causes of action brought in the New York Actions, six mirror claims in the Texas Actions. In the first New York action, 21 Civ. 5205, Counts Four through Eight seek a declaratory judgment that Samsung is not infringing

6

the '767, '068, '880, '042, and '615 Patents, all of which Solas asserts in the earlier-filed Texas Actions.  Count Two seeks a declaratory judgment in substance adopting Samsung's defense to infringement -- that Neodron and Solas are alter egos and that Defendants licensed the Patents-in-Suit to Samsung through the PLA.  Samsung has raised this same theory in its responsive pleadings in two of the three Texas Actions, and in the ITC Action that is proceeding while the third Texas Action is stayed.  The first-to-file rule should be applied here to "avoid conflicting decisions and promote judicial efficiency."  *Futurewei*, 737 F.3d at 708.

Even though Counts One and Three are not pending elsewhere, they raise the same issue of Samsung's defense to infringement in the Texas Actions -- namely to what extent, if any, Solas is bound by the PLA's grant of patent licensing rights to Samsung.  Count One alleges that Neodron breached the PLA, including inter alia Neodron's covenant not to sue Samsung as to the licensed patents "by allowing Solas to sue Samsung on the Patents-in-Suit."  Similarly, Count Three seeks a declaratory judgment that Samsung is not infringing the '144 Patent on the basis that it was expressly named in the PLA as one of licensed patents.[1]  Litigating in a single forum the issue of whether Solas is bound by the PLA will avoid or minimize "duplication of effort, waste of judicial resources, and risk of inconsistent rulings that would accompany parallel litigation."  *Futurewei*, 737 F.3d at 709 (internal quotation marks omitted).

---

[1] There is no pending claim that Samsung lacks the right to practice the '144 Patent or that Samsung has infringed the '144 Patent.  Solas dropped its claim that Samsung is infringing the '144 Patent in the Texas case.  21 Civ. 105 (E.D. Tex.), Dkt. No. 11.  This circumstance has two potential consequences.  First, the claim is arguably not subject to the first-to-file rule.  Second, without a "case" or "controversy," the federal courts lack jurisdiction to adjudicate Samsung's claim for declaratory relief.  *See Sanofi-Aventis U.S., LLC v. Dr. Reddy's Lab'ys, Inc.*, 933 F.3d 1367, 1372-73 (Fed. Cir. 2019).  "[A]n actual controversy *must be extant at all stages of review*, not merely at the time the complaint is filed."  *Id*. at 1373 (emphasis in original).  As the above captioned actions are being stayed, these issues need not be addressed now, particularly when it is unclear what position Defendants intend to take regarding the '144 Patent.

Samsung invokes one exception to the first-to-file rule based on the Texas court's lack of personal jurisdiction over Neodron. *See Futurewei*, 737 F.3d at 708 ("Justification for an exception [to the first-to-file rule] may be found in . . . [the] absence of jurisdiction over all necessary or desirable parties . . . .") (second alteration in original). Samsung argues that the New York Actions should not be transferred or dismissed since Neodron is not and cannot be made a party to the Texas Actions. In light of this argument, the appropriate remedy is to apply the first-to-file rule but stay this action pending proceedings in the Texas court. The parties need not be identical for the first-to-file rule to apply. *Futurewei* at 708 (affirming the dismissal even though the identity of the parties were not the same); *accord Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540 (S.D.N.Y. 2016). Of more practical import is that Neodron has represented here that, "[i]f found to be a required party in 2:21-cv-00105-JRG (E.D. Tex.), Neodron will voluntarily submit to the court's jurisdiction in that case." 21 Civ. 5205, Dkt. No. 13 at 2 n.1; Dkt. No. 62 at 4; 21 Civ. 7201, Dkt. No. 45 at 4; *see generally* Fed. R. Civ. P. 19(a) (regarding joinder of parties). Under these circumstances, proceeding to litigate Samsung's claims against Solas and Neodron here in this district would thwart the efficiency and consistency goals of the first-to-file rule. *See In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1313 (Fed. Cir. 2020) (suggesting that the second-filed court consider whether other defendants would thwart the aims of the first-to-file rule). If Samsung has any remaining claims against Neodron after the Texas Actions have concluded, then those claims can be litigated here.

Samsung further argues that the forum selection clause in the Escrow Agreement is controlling and that the New York court should adjudicate these claims. Although this Court finds the argument barely colorable in light of the express terms of the Escrow Agreement, as a

matter of comity under the first-to-file rule, that issue is left for adjudication by the Texas court. *See Futurewei,* 737 F.3d at 709.

### IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6) is DENIED without prejudice.  Defendants' motion to apply the first-to-file rule and stay or transfer the case is GRANTED IN PART.  The above captioned actions are STAYED pending proceedings in the Texas Actions.  The Clerk of Court is respectfully directed to close the motions at Docket No. 47 in 21 Civ. 5205 and Docket No. 15 in 21 Civ. 7201.

Dated: February 1, 2022
       New York, New York

                                            _____
                                            **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**